UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,

Plaintiffs,

v.

INTEGRATED SURFACES FLOORING, INC.,

Defendant.

Case No. 4:25-cv-07851-KAW

**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ALTERNATIVE SERVICE**

Re: Dkt. No. 12

On September 16, 2025, Plaintiffs filed an ERISA action against Defendant Integrated Surfaces Flooring, Inc.  Despite their best efforts, Plaintiffs were not successful in serving Defendant, so Plaintiffs filed an ex parte application seeking leave to serve the complaint and summons on the California Secretary of State pursuant to California Corporations Code § 1702(a). (Pls.' Mot., Dkt. No. 12.)  For set forth below, the Court GRANTS Plaintiffs' ex parte application.

## I.    BACKGROUND

On September 16, 2025, Plaintiffs filed a complaint against Defendant Integrated Surfaces Flooring, Inc. to compel compliance with an audit, and to recover any amounts found due, pursuant to the parties' collective bargaining and trust agreements, the Labor Management Relations Act, and the Employee Retirement Income Security Act of 1974 ("ERISA").  (Compl., Dkt. No. 1.)  Summons issued on September 17, 2025. (Summons, Dkt. No. 7.)  Multiple attempts for service on Defendant through its principal and designated agent for service of process, Lisa Murphy, ensued, but were ultimately unsuccessful.

Lisa Murphy is the principal for Defendant and signed the master agreement on behalf of Defendant. (Decl. of Luz E. Mendoza, "Mendoza Decl.," Dkt. No. 13 ¶ 10, Ex. B at 40.)

United States District Court
Northern District of California

Defendant's Statement of Information, filed with the California Secretary of State, lists Ms. Murphy as the Chief Executive Officer, Chief Financial Officer, and Secretary, as well as Defendant's agent for service of process. (Mendoza Decl. ¶ 3, Ex. A.)  The complaint, summons, and related documents were sent to Plaintiffs' process server, First Legal, to effect service on Ms. Murphy at 77 Solano Sq., Suite 202, Benicia, California 94510, which is the address listed on the California Secretary of State's website and in the Statement of Information. (Mendoza Decl. ¶¶ 3-5, Ex. A.)  That address is a UPS Store. (Mendoza Decl. ¶ 6.)  First Legal served Defendant at the Benicia address on September 18, 2025 by substitute service, such that the service was deemed effective on September 28, 2025. (Mendoza Decl. ¶ 5; Proof of Service, Dkt. No. 8.)

In addition, Plaintiffs conducted a public records search of Ms. Murphy to attempt personal service. (Mendoza Decl. ¶ 7.)  The public records search indicated that Ms. Murphy owns and resides at 17962 North Cedar Grove Lane, Hayden, Idaho 83835. *Id.*  Thus, Plaintiffs' counsel instructed their process server to attempt service at Ms. Murphy's home address in Idaho. *Id.*  When attempting service, however, the process server was informed that Ms. Murphy did not reside at that address. *Id.*

On or around October 9, 2025, Plaintiffs' counsel sent an email to Ms. Murphy informing her of the lawsuit and requesting that she advise whether she would accept service of process electronically. (Mendoza Decl. ¶ 9.)  Ms. Murphy did not respond. *Id.*

On or around October 27, 2025, Plaintiffs mailed a Notice and Acknowledgment of Receipt, along with the Summons and Complaint and related documents, and Waiver of the Service of Summons to Defendant at both addresses: 77 Solano Sq. Ste. 202, Benicia, CA 94510 (as listed on the California Secretary of State website) and 17962 North Cedar Grove Lane, Hayden, Idaho 83835 (as discovered through a public records search on Lexis). (Mendoza Decl. ¶ 8.)  To date, Plaintiffs have received no response from Defendant. *Id.*

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4 governs service of the complaint and summons.  Under Rule 4(h)(1)(B), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

2

appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Alternatively, a corporation may be served in accordance with Rule 4(e), which allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(h)(1)(A).

California law provides for service of summons by personal delivery, substitute service, mail, or publication. Cal. Code Civ. Proc. §§ 415.10-.50. Courts may also authorize alternative methods of service pursuant to pursuant to California Code of Civil Procedure section 413.30, which provides, "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Due process requires that service of process must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III.    DISCUSSION

Here, Plaintiffs seek leave to serve the summons and complaint through service on the California Secretary of State. (Pls.' Mot. at 5.)

A court may authorize service on a corporation via hand delivery to the California Secretary of State if the agent for service of process "cannot with reasonable diligence be found at the address designated for personally delivering the process." Cal. Corp. Code § 1702(a). "For a court to issue such an order, it must be 'shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence' on the corporation's agent according to California Code of Civil Procedure sections 415.10[ ], 415.20(a), or 415.30(a) or upon the corporation according to sections 416.10(a)-(c) and 416.20(a)." *Floyd v. Saratoga Diagnostics, Inc.*, No. 20-cv-1520-LHK, 2020 WL 3035799, at *2 (N.D. Cal. June 5, 2020) (quoting Cal. Corp. Code § 1702(a)). "Service in this manner is deemed complete on the

*United States District Court*
*Northern District of California*

3

United States District Court
Northern District of California

10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a).

First, California Code of Civil Procedure section 415.10 authorizes personal delivery on the defendant. Cal. Code. Civ. Proc. § 415.10. Plaintiffs attempted personal service on Defendant's principal and registered agent for service of process, Lisa Murphy, at the address listed for Defendant's agent in Benicia, California. (Pls.' Mot. at 2; Mendoza Decl. ¶ 6.)  That address was a UPS Store. *Ids.*  In addition, Plaintiffs conducted a public records search on Lexis Nexis for principal Lisa Murphy, which indicated that Ms. Murphy owns and resides at an address in Hayden, Idaho. (Pl.'s Mot. at 2; Mendoza Decl. ¶ 7.)  Plaintiffs' process server attempted service at the Idaho address, but a male informed them that Ms. Murphy did not reside at that address. *Ids.*  These unsuccessful attempts at personal service are sufficient to show that process cannot be accomplished with reasonable diligence by personal delivery. *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992) ("[T]wo or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.").

Second, Section 415.20(a) authorizes substitute service by leaving a copy of the papers at the office of the person to be served "with the person who is apparently in charge" and mailing the papers afterward. Cal. Code Civ. Proc. § 415.20(a). As Ms. Murphy was not present at either the Benicia, California or Idaho addresses when the process server attempted service, substitute service could not be accomplished.

Third, Section 415.30(a) authorizes service by mail with an acknowledgement of receipt. Cal. Code Civ. Proc. § 415.30(a). Plaintiffs mailed a notice and acknowledgment of receipt, along with the summons and complaint and related documents, and a waiver of the service of summons to Defendant at both the Benicia, California and Idaho addresses. (Pl.'s Mot. at 2; Mendoza Decl. ¶ 8.)  Plaintiffs did not receive a response. *Ids.*

Fourth, Section 416.10(a) authorizes service on a corporation through its agent. Cal. Code Civ. Proc. § 416.10(a). As discussed above, Plaintiffs have attempted to serve Ms. Murphy at the address registered with the California Secretary of State and with the Idaho address associated with her that was found through a public records search. Since Ms. Murphy is the agent for service

of process, as well as Defendant's CEO, CFO, and Secretary, there appear to be no other officers, rendering this search diligent. *See Gambord v. Westside Gas, Inc.*, 2017 WL 2774408, at *3 (N.D. Cal. June 26, 2017) (allowing service upon California Secretary of State where plaintiff unsuccessfully attempted to serve defendant's CFO and agent, and "[n]o other heads or officers … have been identified despite [Plaintiff's] investigation")

Fifth, Section 416.10(b) allows service on particular corporate officers. Cal. Code Civ. Proc. § 416.10(b). As discussed above, according to the California Secretary of State, Ms. Murphy serves as Defendant's CEO, CFO, and Secretary, so there are no other officers that could be served. (*See* Mendoza Decl. ¶ 3, Ex. A.)

The Court finds that Plaintiffs were diligent in attempting to serve Defendant personally through its agent for service of process and all other means set forth in California Corporation Code § 1702(a), such that alternative service is warranted.  Notwithstanding, to ensure that Defendant is notified of the pending action, the Court orders Plaintiffs to serve Defendant electronically by emailing the complaint, summons, and related documents to Ms. Murphy.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' ex parte application to serve by alternative means is GRANTED.  Plaintiffs may effectuate service on Defendant by hand-delivering the summons and complaint and a copy of this order to the California Secretary of State. *See* Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*  Additionally, while not requested, Plaintiffs shall also serve Defendant via email to its principal and agent for service of process, Ms. Murphy, at every email address they have on record.

Plaintiffs' deadline to complete service is extended to July 31, 2026.

IT IS SO ORDERED.

Dated: May 29, 2026

KANDIS A. WESTMORE
United States Magistrate Judge